UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MIKHAIL KHANUKAYEV,              :

        Plaintiff,           :       08 Civ. 6832 (CM) (GWG)

        -v.-                 :       REPORT AND
                                         RECOMMENDATION
CITY OF NEW YORK, et al.,        :

        Defendants.          :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/09

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/10

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

    Plaintiff Mikhail Khanukayev filed a pro se complaint in this matter on July 31, 2008, naming the City of New York, the New York City Police Department, and two police officers as defendants. Following issuance of an order by then-Chief Judge Wood, plaintiff filed an amended complaint on September 25, 2008 that named the City of New York, the New York City Police Department (collectively, "the City"), and the Times Square Alliance as defendants.

    The City filed the instant motion to dismiss the amended complaint on May 14, 2009.[1] On June 26, 2009, David Bruce Rankin, Esq. filed a notice of appearance on behalf of plaintiff. On July 9, 2009, Mr. Rankin commenced a separate action, 09 Civ. 6175 ("the 09 case") on behalf of plaintiff that named the City of New York and a number of individual police officers as defendants. Mr. Rankin later moved to withdraw as counsel in both cases – a motion that was granted on September 9, 2009.

    On November 9, 2009, a new attorney, Gary Field, filed a Notice of Appearance on behalf of plaintiff in both the instant case ("the 08 case") and the 09 case. On November 21, 2009, he served a brief in response to the City's motion to dismiss. See Memorandum of Law in Opposition to Defendant City's Motion to Dismiss, filed Dec. 9, 2009 (Docket # 61) ("Khanukayev Opp'n"). The City has now filed a reply memorandum. See Reply Memorandum

Copies mailed/faxed/handed to counsel on 1/15/10

MEMO ENDORSED

---

[1] See Notice of Motion, filed May 14, 2009 (Docket # 32); Declaration of Max McCann in Support of Defendant's Motion to Dismiss, filed May 14, 2009 (Docket # 33); Memorandum of Law in Support of Defendants City and NYPD's Motion to Dismiss, filed May 14, 2009 (Docket # 34) ("City Mem.").

*Handwritten endorsement:* 1/4/2010 - No objections have been received and the time for objecting expired 12/28/09. Judge Gorenstein's eminently sensible recommendation is adopted. The instant complaint is dismissed without prejudice as against defendants New York City and the NYPD. The caption is deemed amended.

of Law in Further Support of Defendants' Motion to Dismiss, filed Dec. 8, 2009 (Docket # 60) ("City Reply").[1]

The City's Motion to Dismiss

The City's Motion to Dismiss points to a number of infirmities in plaintiff's pro se amended complaint. See City Mem. at 5-16. In response, plaintiff, through his new counsel, concedes that "plaintiff's amended complaint does not state a claim upon which relief [may be] granted." Khanukayev Opp'n at 1. Plaintiff asks, however, that the dismissal be without prejudice in light of the fact that a second action has been commenced – the 09 case – that plaintiff asserts satisfies all pleading requirements. The City of New York, in its reply, does not oppose plaintiff pursuing "the majority of [his] allegations" in the 09 case and thus agrees that these matters can be dismissed without prejudice. City Reply at 2. However, it asserts that certain of plaintiff's "allegations" in the 08 case should be dismissed with prejudice because any attempt to "reallege these allegations" in the 09 case (or presumably anywhere else) would be futile. Id.

Putting aside the question of whether an "allegation" can be dismissed at all, the City does not assert that these allegedly infirm allegations or claims are being pled in the 09 case. Presumably, it is motivated to oppose a "without prejudice" dismissal of these allegations or claims because plaintiff remains free to file an amended complaint in the 09 case inasmuch as the City has not yet filed an answer or other response to the complaint in that case.

There is no reason to rule on the merits of the claims that the City attacks, however, because it would be wasteful of the Court's resources to make rulings with respect to claims that may never be raised in the future in any amended pleading in the 09 case. The more efficient use of judicial resources is simply to dismiss the 08 case as to the City without prejudice, which is the usual practice when pro se complaints are dismissed for failure to state a claim. See, e.g., Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999); see also Fransua v. Vadlamudi, 2008 WL 4810066, at *2 (2d Cir. Nov. 3, 2008) (even though complaint failed to state a claim, dismissal granted "with leave to replead" because plaintiff was "proceeding pro se when he filed the complaint, but is now represented by counsel"). If plaintiff attempts to raise any infirm claims in the future in the 09 case by means of an amended complaint, the City obviously will have the opportunity to address the merits of those claims in a motion to dismiss.

---

[1] The case against the Times Square Alliance has proceeded on a somewhat different track. After the Times Square Alliance moved for judgment on the pleadings, plaintiff's first attorney, Mr. Rankin, signed a stipulation dismissing the Times Square Alliance's complaint with prejudice. Following a hearing at which plaintiff and Mr. Rankin testified, however, the Court vacated that stipulation on the ground that Mr. Rankin had no authority to enter into it. Accordingly, the case proceeds as to the Times Square Alliance.

2

There is no prejudice to the City from proceeding in this matter as discovery has not begun in either case.[2]

Conclusion

Accordingly, the City's motion to dismiss (Docket # 32) should be granted. The complaint as to the City of New York and the New York City Police Department should be dismissed without prejudice. The case should remain open as to defendant Times Square Alliance.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Colleen McMahon, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge McMahon. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: December 11, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] Even if the City were to assert that the claims it asserts are infirm are in fact contained in some form in the current complaint in the 09 case, there still would be no reason to dispose of them in the instant case. It will be much more efficient if the City moves with respect to all claims against it in a single proceeding.

3